IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01577-BNB

CRAIG S. ROBLEDO,

      Plaintiff,

v.

JEWEL WEST,
TRAVIS TRANI,
DENNIS BURBANK,
ANDREA NICHOLS,
JOE KELEMAN,
ANGELA TIDEMANN,
DANIEL BARBERO,
CHRIS BARR,
DANIEL DENT,
DANIEL LAKE,
ANTHONY DeCESARO,
MARSHALL GRIFFITH, and
LESLIE PAYNE,

      Defendants.

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

_____

      Plaintiff, Craig S. Robledo, is an inmate at the Bexar County Jail in San Antonio,

Texas.  Mr. Robledo has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42

U.S.C. § 1983.  The court must construe the Prisoner Complaint liberally because Mr.

Robledo is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519,

520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the

court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For

the reasons stated below, Mr. Robledo will be ordered to file an amended complaint if

he wishes to pursue his claims in this action.

The court has reviewed the Prisoner Complaint and finds that the Prisoner Complaint is deficient.  For one thing, Mr. Robledo fails to provide an address for each Defendant.  He must provide a complete address for each named Defendant so that they may be served properly.

The Court also finds that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Robledo fails to provide a short and plain statement of his claims showing he is entitled to relief because he fails to identify which Defendant or Defendants he is

suing with respect to each asserted claim, he fails to allege clearly and concisely what each Defendant did that allegedly violated his rights, and he fails to identify the specific facts that support each asserted claim.  Instead, the Prisoner Complaint consists only of vague and conclusory assertions by Mr. Robledo that his constitutional rights have been violated.

For these reasons, Mr. Robledo must file an amended complaint if he wishes to pursue any claims in this action.  Mr. Robledo must identify, clearly and concisely, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Robledo file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure as discussed in this order.  It is

FURTHER ORDERED that Mr. Robledo shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant),

3

along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Robledo fails to file an amended Prisoner

Complaint that complies with this order within the time allowed, the action will be

dismissed without further notice.

DATED June 19, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

4