IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01577-BNB

CRAIG S. ROBLEDO,

    Plaintiff,

v.

JEWEL WEST,
DALE BURKE,
CHRIS BARR,
DANIEL DENT,
ANDREA NICHOLS,
JOSEPH KELEMAN,
REANNE WILL,
RHONDA HADRICK,
LESLIE PAYNE,
CARMEN ESTRADA,
CAROL SOARES,
SEAN FOSTER,
SGT. RODECAP,
DENNIS BURBANK,
KEITH NORDELL,
ANTHONY DeCESARO,
2 UNNAMED PPMU OFFICERS,
MARK FAIRBAIRN,
REGINA ROBERTS,
ANGELA TIDEMANN,
MR. MEISNER,
CASE MGR. JIMENEZ,
TRAVIS TRANI,
BRANDON WITZ,
SUSAN JONES,
OFFICER SPURLOCK,
PATSY HARTLEY,
TRACY SWINDLER,
MARSHALL GRIFFITH,
PAUL LARSON,
OFFICER SMITH,
MRS. DeFUSCO,
2 UNNAMED PAROLE BOARD MEMBERS,
CHAIRMAN OF THE PAROLE BOARD,

LINDA MAIFIELD,
LARRY WATSON,
TINA VALDEZ,
HEAD OF OFFENDER SERVICES,
DANIEL LAKE,
DANIEL BARBERO,
MRS. MORRIS,
JAMES SINNOTT,
MR. COSABONE,
JAMES RELICH,
RICK LARSON,
PETE ANDERSON,
HERBERT B. EGLEY,
JOYCE MONTEZ,
KIRK KATZENMEYER,
JENNIFER MALEBRANCHE,
LEIAH ESTRADA,
6 CELL EXTRACTION OFFICERS,
BRIAN KIRK,
J. CHANEY,
PHYLLIS YAKE,
MR. FUHER, and
VICKIE BUTTS,

     Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

     Plaintiff, Craig S. Robledo, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Buena Vista Correctional Facility in Buena Vista, Colorado.  Mr. Robledo initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated.  On June 19, 2013, the court ordered Mr. Robledo to file an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure.  On October 25, 2013, after being granted multiple extensions of time, Mr. Robledo filed an amended Prisoner Complaint (ECF No. 31).

The court must construe the amended Prisoner Complaint liberally because Mr. Robledo is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Robledo will be ordered to file a second amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the amended Prisoner Complaint and finds that the amended Prisoner Complaint remains deficient because Mr. Robledo still fails to comply with the pleading requirements of the Federal Rules of Civil Procedure.  However, because it appears that Mr. Robledo has made some effort to comply with the court's prior order to amend, he will be given one more opportunity to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure.

The amended Prisoner Complaint fails to comply with the pleading requirements of the Federal Rules of Civil Procedure because Mr. Robledo fails to provide a clear and concise statement of each claim he is asserting in this action that demonstrates he is entitled to relief.  Instead, Mr. Robledo provides an abundance of disorganized and generally vague factual allegations without making clear what specific claims he is asserting against each named Defendant and what specific facts support each asserted claim.  As a result, Mr. Robledo places an unreasonable burden on the court and Defendants to identify and respond to the claims he is asserting in the amended Prisoner Complaint.  Neither the court nor the Defendants are required to guess in order to determine what specific claims are being asserted and what specific factual allegations support each claim.  The general rule that *pro se* pleadings must be

construed liberally has limits, and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

   Mr. Robledo will be given one more opportunity to file a pleading that complies with the pleading requirements of Rule 8.  Mr. Robledo must present his claims clearly and concisely in a manageable format that allows the court and the Defendants to know what claims are being asserted and to be able to respond to those claims.  For each claim he asserts in the second amended complaint, Mr. Robledo "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  However, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

   Finally, Mr. Robledo cannot combine a number of separate and unrelated claims against various Defendants in one action.  Pursuant to Rule 18(a) of the Federal Rules of Civil Procedure, "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  However, the issue of whether multiple Defendants may be joined in a single action is governed by Rule 20(a)(2) of the Federal Rules of Civil Procedure, which provides:

4

>(2) *Defendants.* Persons . . . may be joined in one action as defendants if:
>
>(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
>(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). Because Mr. Robledo apparently intends to assert various constitutional claims against prison officials at multiple prisons that arise out of different incidents, it is not clear that he may join all of the named Defendants in one action. Accordingly, it is

ORDERED that Mr. Robledo file, **within thirty (30) days from the date of this order**, a second amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. Robledo shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Robledo fails to file a second amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED November 1, 2013, at Denver, Colorado.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge