IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01577-BNB

CRAIG S. ROBLEDO,

     Plaintiff,

v.

JEWEL WEST,
DALE BURKE,
CHRIS BARR,
DANIEL DENT,
ANDREA NICHOLS,
JOE KELEMAN,
REANNE WILL,
RHONDA HADRICK,
LESLIE PAYNE,
CARMEN ESTRADA,
CAROL SOARES,
SEAN FOSTER,
SGT. RODECAP,
DENNIS BURBANK,
KEITH NORDELL,
ANTHONY DeCESARO,
2 UNKNOWN TIME COMPUTATION OFFICERS,
MARK FARIBAIRN,
REGINA ROBERTS,
ANGELA TIDEMANN,
MR. MEISNER,
CASE MANAGER JIMENEZ,
TRAVIS TRANI,
BRANDON WITZ,
SUSAN JONES,
OFFICER SPURLOCK,
PATSY HARTLEY,
TRACY SWINDLER,
MARSHALL GRIFFITH,
PAUL LARSON,
OFFICER SMITH,
MRS. DeFUSCO,
2 UNKNOWN PAROLE BOARD MEMBERS,
CHAIRMAN OF PAROLE BOARD,

LINDA MAIFIELD,
LARRY WATSON,
TINA VALDEZ,
HEAD OF DOC OFFENDER SERVICES,
DANIEL LAKE,
DANIEL BARBERO,
SGT. MORRIS,
JAMES SINNOTT,
MR. COSABONE,
JAMES RELICH,
RICK LARSON,
PETE ANDERSON,
HERBERT B. EGLEY,
JOYCE MONTEZ,
KIRK KATZENMEYER,
JENNIFER MALEBRANCHE,
LEIAH ESTRADA,
6 CELL EXTRACTION OFFICERS,
BRIAN KIRK,
J. CHANEY,
PHYLLIS YAKE,
MR. FUHER, and
VICKIE BUTTS,

      Defendants.

---

## ORDER OF DISMISSAL

---

      Plaintiff, Craig S. Robledo, initiated this action while a prisoner in the custody of

the Colorado Department of Corrections by filing *pro se* a Prisoner Complaint (ECF No.

1) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States

Constitution have been violated.  On June 19, 2013, after reviewing the Prisoner

Complaint, Magistrate Judge Boyd N. Boland entered an order (ECF No. 7) directing

Mr. Robledo to file an amended complaint that complies with the pleading requirements

of the Federal Rules of Civil Procedure.  Magistrate Judge Boland specifically

determined that Mr. Robledo failed to provide a short and plain statement of his claims

showing he is entitled to relief because it was not clear what specific claim or claims he was asserting against each named Defendant, what specific facts supported each asserted claim, and how each named Defendant personally participated in the asserted constitutional violations.  On October 25, 2013, after being granted multiple extensions of time, Mr. Robledo filed an amended Prisoner Complaint (ECF No. 31).

On November 1, 2013, Magistrate Judge Boland entered an order (ECF No. 32) directing Mr. Robledo to file a second amended complaint because the amended Prisoner Complaint also did not comply with the pleading requirements of the Federal Rules of Civil Procedure.  In particular, Magistrate Judge Boland noted that Mr. Robledo still failed to provide a clear and concise statement of each claim showing he is entitled to relief because the "abundance of disorganized and generally vague factual allegations" in the amended Prisoner Complaint did not make clear what specific claims he was asserting against each named Defendant and what specific facts support each asserted claim.  (ECF No. 32 at 3.)  Magistrate Judge Boland reiterated the pleading requirements under Rule 8 and also advised Mr. Robledo that he may not combine separate and unrelated claims against various Defendants in one action.  On December 16, 2013, Mr. Robledo filed a second amended Prisoner Complaint (ECF No. 42).

Mr. Robledo has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Therefore, the Court must dismiss the action if Mr. Robledo's claims are frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  For the reasons stated below, the Court will dismiss the action as legally

3

frivolous.

The Court must construe the second amended Prisoner Complaint liberally because Mr. Robledo is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Robledo's allegations in the second amended Prisoner Complaint relate to his incarceration from May 2011 through January 2013. Mr. Robledo asserts five numbered claims for relief that consist of a variety of vague and conclusory allegations against various prison officials at different facilities. Mr. Robledo first claims that his constitutional rights were violated because prison officials damaged or stole his personal property on various occasions. The Court construes the first claim as a constitutional due process claim. Mr. Robledo contends in his second claim that a number of prison disciplinary proceedings resulted in violations of due process and double jeopardy. Mr. Robledo's third claim is an Eighth Amendment claim. His fourth claim is an access to the courts claim. Finally, Mr. Robledo contends in his fifth claim that his First Amendment rights were violated. Although Mr. Robledo lists fifty-seven separate Defendants in the caption of the second amended Prisoner Complaint, he specifically asserts claims against only thirty-one of those Defendants.

The Court notes initially that Mr. Robledo persists in combining unrelated claims

4

against improperly joined Defendants in the second amended Prisoner Complaint.

Pursuant to Rule 18(a) of the Federal Rules of Civil Procedure, "[a] party asserting a

claim . . . may join, as independent or alternative claims, as many claims as it has

against an opposing party."  However, the issue of whether multiple Defendants may be

joined in a single action is governed by Rule 20(a)(2) of the Federal Rules of Civil

Procedure, which provides:

> (2) *Defendants*.  Persons . . . may be joined in one action as
> defendants if:
>
> > (A) any right to relief is asserted against them
> > jointly, severally, or in the alternative with
> > respect to or arising out of the same
> > transaction, occurrence, or series of
> > transactions or occurrences; and
> >
> > (B) any question of law or fact common to all
> > defendants will arise in the action.

Fed. R. Civ. P. 20(a).  Mr. Robledo's constitutional claims against prison officials at

separate prisons that arise out of different incidents should be raised in separate

actions.  However, the Court will not dismiss the action or any claims in the second

amended Prisoner Complaint for that reason.

For the reasons stated below, Mr. Robledo's vague and conclusory allegations in

the second amended Prisoner Complaint are not sufficient to state a cognizable claim

for relief.  Merely making vague and conclusory allegations that his federal constitutional

rights have been violated does not entitle a *pro se* pleader to a day in court, regardless

of how liberally the court construes such pleadings.  *See Ketchum v. Cruz*, 775 F. Supp.

1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the

sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's

well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at

1110.  Furthermore, the general rule that *pro se* pleadings must be construed liberally

has limits and "the court cannot take on the responsibility of serving as the litigant's

attorney in constructing arguments and searching the record." *Garrett v. Selby Connor*

*Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the orders directing Mr. Robledo to file amended complaints Magistrate Judge

Boland specifically advised Mr. Robledo that, for each claim he asserts in this action, he

"must explain what each defendant did to him or her; when the defendant did it; how the

defendant's action harmed him or her; and, what specific legal right the plaintiff believes

the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158,

1163 (10th Cir. 2007).  Despite these instructions, Mr. Robledo fails to allege specific

facts in support of his claims in the second amended Prisoner Complaint that

demonstrate his constitutional rights have been violated.

Claim One

As noted above, the Court construes Mr. Robledo's first claim in the second

amended Prisoner Complaint as a constitutional due process claim premised on a

number of property deprivations.  Mr. Robledo's allegations within claim one include the

following:  prison officials wrote on a textbook and Bible he was allowed to keep; flex

pens were confiscated; he was forced to mail pictures, postcards, and other personal

property out of the prison; he had to purchase a new mirror and sunblock after being

forced to mail his mirror and sunblock home; a canteen order was not filled properly;

and a dental bite guard was lost.  According to Mr. Robledo, he was authorized to

possess the property that allegedly was damaged or stolen.

6

Mr. Robledo fails to allege facts that demonstrate he was deprived of a constitutionally protected property interest without adequate due process. To the extent Mr. Robledo is complaining about the loss of property he was allowed to send home, the property deprivation claim is legally frivolous because "there is a difference between the right to own property and the right to possess property while in prison." *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002). Furthermore, to the extent the property at issue was contraband, the property deprivation claim lacks merit because Mr. Robledo does not have a protected property interest in possessing contraband. *See Steffey v. Orman*, 461 F.3d 1218, 1221-23 (10th Cir. 2006); *Kunze v. Bertsch*, 477 F. Supp.2d 1038, 1053 (D.N.D. 2007). Thus, if the property was contraband, Mr. Robledo is not entitled to any procedural protections under the Due Process Clause and the due process claim must be dismissed.

Even if Mr. Robledo is correct that the property in question was not contraband and that he was deprived of a constitutionally protected interest in that property, the due process claim still fails. According to Mr. Robledo's argument, the property deprivations were not authorized by prison regulations. However, "neither negligent nor intentional deprivations of property under color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy . . . ." *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989), *overruled on other grounds by Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that an unauthorized intentional deprivation of property by a state employee does not violate due process if an adequate postdeprivation remedy for the loss is available).

7

A prison grievance procedure is an adequate post deprivation remedy if the grievance procedure provides a meaningful remedy. *See Hudson*, 468 U.S. at 536 & n.15; *Williams v. Morris*, 697 F.2d 1349, 1351 (10th Cir. 1982) (per curiam). According to the DOC grievance procedure, which is available on the DOC website, the definition of "remedy" includes "restoration of or restitution for property." *See* DOC Administrative Regulation 850-4, Grievance Procedure at III.J. Therefore, the Court finds that the DOC grievance procedure provides a meaningful remedy with respect to Mr. Robledo's property deprivation claim. In addition, Mr. Robledo does not allege facts that demonstrate the DOC grievance procedure was unresponsive or inadequate in any way. *See Durre v. Dempsey*, 869 F.2d 543, 548 (10th Cir. 1989) ("In order to state a [due process] claim under § 1983 [for intentional deprivation of property], a complaint must allege facts sufficient to show deprivation, in this case the lack of an adequate state remedy."). Even assuming Mr. Robledo pursued administrative grievances with respect to his damaged and stolen property and did not obtain the relief he sought, that fact would not be sufficient to show that the process was unavailable or inadequate. *See Allen v. Reynolds*, 475 F. App'x 280, 283 (10th Cir. 2012).

Finally, even if the DOC grievance procedure is not an adequate postdeprivation remedy, the Court also must consider whether an adequate postdeprivation remedy exists in state court. *See, e.g., Cooper v. Belcher*, 2010 WL 3359709 at *15 (D. Colo. Aug.25, 2010) (unpublished) (noting that "[a]dequate state remedies are not limited to the filing of grievances, but include filing complaints in state court."). Mr. Robledo does not allege any facts that demonstrate no adequate remedy is available in state court.

For all of these reasons, the Court finds that Mr. Robledo fails to state an

arguable due process property deprivation claim.  Therefore, the claim one in the second amended Prisoner Complaint is legally frivolous and must be dismissed.

<u>Claim Two</u>

Mr. Robledo contends in claim two in the second amended Prisoner Complaint that a number of prison disciplinary proceedings resulted in violations of due process and double jeopardy.  Mr. Robledo also includes allegations regarding his prison classification within claim two.

The double jeopardy component of claim two is legally frivolous and must be dismissed.  "Because the Double Jeopardy clause only applies to proceedings that are essentially criminal in nature, it is well established that prison disciplinary sanctions . . . do not implicate double jeopardy protections."  *Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006) (internal quotation marks and citations omitted).

Mr. Robledo's due process challenges to prison disciplinary convictions also are legally frivolous.  If the punishment imposed as a result of a prison disciplinary conviction implicates a constitutionally protected liberty interest,

> the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67).  In addition, there must be some evidence supporting the disciplinary conviction.  *See id.* Finally, "[a]n impartial decisionmaker is a fundamental requirement of due process that is fully applicable in the prison context."  *Gwinn v. Awmiller*, 354 F.3d 1211, 1220 (10th

Cir. 2004) (internal quotation marks omitted).

Mr. Robledo asserts that he was deprived of a constitutionally protected liberty interest as a result of the disciplinary convictions he challenges in the second amended Prisoner Complaint.   However, he fails to allege specific facts that demonstrate he was denied any of the process required under *Wolff*.   As a result, the due process challenges to the prison disciplinary convictions are vague and conclusory and must be dismissed.

Mr. Robledo apparently contends that his classification was reduced on one or more occasions because of alleged misconduct. The Constitution guarantees due process when a person is to be deprived of life, liberty, or property.   *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).   Mr. Robledo does not allege that he was deprived of life or property as a result of his reduced classification.   Therefore, the due process claim challenging his reduced classification level depends upon the existence of a constitutionally protected liberty interest.

The existence of a constitutionally protected liberty interest depends upon the nature of the interest asserted.   *See Sandin v. Conner*, 515 U.S. 472, 480 (1995).   A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).   Generally, a liberty interest protected by due process may arise under the United States Constitution or state law. *See Sandin*, 515 U.S. at 483-84.   State law may create a liberty interest if it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."   *Sandin*, 515 U.S. at 484.   Relevant factors to be considered in determining whether certain conditions of confinement impose atypical and significant hardship in

relation to the ordinary incidents of prison life include whether the conditions relate to and further a legitimate penological interest, whether the conditions are extreme, whether the conditions increase the duration of confinement, and whether the conditions are indeterminate.  *See DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007).

A reduction in Mr. Robledo's prison classification level does not implicate a liberty interest that arises under the Constitution because prisoners are not entitled to any particular degree of liberty.  *See Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman*, 16 F.3d at 369.  In short, the Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse impact on the prisoner.  *See Meachum*, 427 U.S. at 224.

The Court also finds that Mr. Robledo fails to demonstrate the existence of a constitutionally protected liberty interest that arises under state law because he fails to allege facts that demonstrate his reduced prison classification level imposed atypical and significant hardship in relation to the ordinary incidents of prison life.  *See Rezaq v. Nalley*, 677 F.3d 1001, 1012 (10th Cir. 2012) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), *overruled on other grounds by Sandin*, 515 U.S. at 479-83, for the proposition "that nondisciplinary administrative segregation 'is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration.'").  Therefore, the Court finds that Mr. Robledo fails to allege he was deprived of a constitutionally protected liberty interest as a result of his reduced prison classification level.  As a result, this due process claim also is legally frivolous and must be dismissed.

11

Claim Three

Mr. Robledo alleges in claim three in the second amended Prisoner Complaint that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment on three occasions. He first alleges that he was chained for twenty-five hours in a cold and unsanitary cell in June 2011. He next alleges that the conditions in segregation were inhumane in July. Finally, Mr. Robledo contends that his Eighth Amendment rights were violated with respect to an incident in November 2012 when cell extraction officers unnecessarily used pepper spray to remove Mr. Robledo from his cell. He further alleges in connection with the pepper spray incident that he was allowed only a twelve-minute shower to clean himself, as opposed to twenty minutes, and that he was forced to clean his contaminated cell with his bare hands.

"The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Eighth Amendment is not violated unless the conditions deprive a prisoner of "'the minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Furthermore, Mr. Robledo cannot assert a cognizable claim under the Eighth Amendment unless he alleges that prison officials were deliberately indifferent to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Stated another way, Mr. Robledo must demonstrate both that the injury he suffered was

12

sufficiently serious and that prison officials acted with deliberate indifference.  *See*

*Tafoya*, 516 F.3d at 916.  Deliberate indifference means that "a prison official may be

held liable . . . only if [s]he knows that inmates face a substantial risk of serious harm

and disregards that risk by failing to take reasonable measures to abate it."  *Farmer*,

511 U.S. at 847.  That is, "the official must both be aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists, and [s]he must

also draw the inference."  *Id.* at 837.

Mr. Robledo's Eighth Amendment claim is vague and conclusory and lacks merit

because he fails to allege specific facts that demonstrate any Defendant acted with

deliberate indifference to a substantial risk of serious harm.  Therefore, claim three in

the second amended Prisoner Complaint also will be dismissed.

Claim Four

Mr. Robledo alleges in claim four in the second amended Prisoner Complaint that

he was denied access to the courts.  Mr. Robledo alleges in support of this claim that he

was denied copies, envelopes, and notary services.

"[T]he fundamental constitutional right of access to the courts requires prison

authorities to assist inmates in the preparation and filing of meaningful legal papers by

providing prisoners with adequate law libraries or adequate assistance from persons

trained in the law."  *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  However, a prisoner's

access to the courts claim lacks merit in the absence of an actual injury in the prisoner's

ability to pursue a nonfrivolous legal claim.  *See Lewis v. Casey*, 518 U.S. 343, 349-55

(1996); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (per curiam).

Mr. Robledo fails to allege specific facts that demonstrate he suffered any actual

injury as a result of the alleged denial of access to the courts because he fails to identify any nonfrivolous legal claim he was unable to pursue.  Therefore, the access to the courts claim also is legally frivolous and must be dismissed.

Claim Five

Mr. Robledo contends in his fifth claim that his First Amendment rights were violated.  He alleges in support of this claim that administrative grievances he filed wrongfully were denied, that he was denied grievance forms and cut off from the grievance process, that his mail repeatedly was confiscated, and that his telephone access was shut off without cause many times.

Mr. Robledo's allegations with respect to denials of administrative grievances and access to the grievance process do not state a cognizable First Amendment claim because the denial of a prisoner's administrative grievance does not implicate a constitutionally protected interest.  *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (agreeing with "sister circuits that a prison grievance procedure does not provide an inmate with a constitutionally protected interest"); *see also Boyd v. Werholtz*, 443 F. App'x 331 (10th Cir. 2011) (affirming dismissal under § 1915A of inmate's claim based on alleged denial of access to prison grievance procedure); *Sawyer v. Green*, 316 F. App'x 715, 717 n.3 (10th Cir. 2008) (noting that lack of response to jail inmate's grievance does not constitute a constitutional violation).

Mr. Robledo's allegations regarding confiscated mail and denial of telephone access also do not support a cognizable First Amendment claim because those allegations are vague and conclusory.

In summary, the Court finds that all of Mr. Robledo's claims in the second

amended Prisoner Complaint are legally frivolous and must be dismissed.  Furthermore,

the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order

would not be taken in good faith and therefore *in forma pauperis* status will be denied

for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If

Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a

motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth

Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Prisoner Complaint, the amended Prisoner Complaint, the

second amended Prisoner Complaint, and the action are dismissed as legally frivolous

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that the Request for Emergency Relief (ECF No. 43) is DENIED.

DATED at Denver, Colorado, this   21st   day of ____January____, 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

16