IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01577-LTB

CRAIG S. ROBLEDO,

    Plaintiff,

v.

JEWEL WEST,
DALE BURKE,
CHRIS BARR,
DANIEL DENT,
ANDREA NICHOLS,
JOE KELEMAN,
REANNE WILL,
RHONDA HADRICK,
LESLIE PAYNE,
CARMEN ESTRADA,
CAROL SOARES,
SEAN FOSTER,
SGT. RODECAP,
DENNIS BURBANK,
KEITH NORDELL,
ANTHONY DeCESARO,
2 UNKNOWN TIME COMPUTATION OFFICERS,
MARK FARIBAIRN,
REGINA ROBERTS,
ANGELA TIDEMANN,
MR. MEISNER,
CASE MANAGER JIMENEZ,
TRAVIS TRANI,
BRANDON WITZ,
SUSAN JONES,
OFFICER SPURLOCK,
PATSY HARTLEY,
TRACY SWINDLER,
MARSHALL GRIFFITH,
PAUL LARSON,
OFFICER SMITH,
MRS. DeFUSCO,
2 UNKNOWN PAROLE BOARD MEMBERS,
CHAIRMAN OF PAROLE BOARD,

LINDA MAIFIELD,
LARRY WATSON,
TINA VALDEZ,
HEAD OF DOC OFFENDER SERVICES,
DANIEL LAKE,
DANIEL BARBERO,
SGT. MORRIS,
JAMES SINNOTT,
MR. COSABONE,
JAMES RELICH,
RICK LARSON,
PETE ANDERSON,
HERBERT B. EGLEY,
JOYCE MONTEZ,
KIRK KATZENMEYER,
JENNIFER MALEBRANCHE,
LEIAH ESTRADA,
6 CELL EXTRACTION OFFICERS,
BRIAN KIRK,
J. CHANEY,
PHYLLIS YAKE,
MR. FUHER, and
VICKIE BUTTS,

       Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

       Plaintiff, Craig S. Robledo, has filed *pro se* a "Petition for a Rehearing (and Reconsideration)" (ECF No. 52) asking the Court to reconsider and vacate the Order of Dismissal (ECF No. 49) and the Judgment (ECF No. 50) entered in this action on January 21, 2014.  The Court must construe the motion to reconsider liberally because Mr. Robledo is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the motion to reconsider will be denied.

       A litigant subject to an adverse judgment who seeks reconsideration by the

district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider the motion to reconsider filed by Mr. Robledo pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action.  *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  *See id.*

The Court dismissed the instant action because the claims Mr. Robledo asserts are legally frivolous.  Mr. Robledo makes various arguments in the motion to reconsider, but he fails to convince the Court of any need to correct clear error or prevent manifest injustice.  Therefore, upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Robledo fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  Accordingly, it is

ORDERED that the "Petition for a Rehearing (and Reconsideration)" (ECF No. 52) is DENIED.

DATED at Denver, Colorado, this  10th  day of   February   , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court